# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JAY HANNAH,**
**Claimant Below, Petitioner**

**FILED**

June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0374** (BOR Appeal No. 2053720)
(Claim No. 2018014744)

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jay Hannah, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Parcel Service, Inc., by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is reopening of the claim for temporary total disability benefits. The claims administrator denied a reopening of the claim for temporary total disability benefits on August 29, 2018. The Office of Judges affirmed the decision in its December 7, 2018, Order. The Order was affirmed by the Board of Review on March 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hannah, a delivery driver, injured his right hip, buttocks, and lower back while working for United Parcel Service, Inc., on December 13, 2017. A December 14, 2017, Attending Physician's Report indicates Mr. Hannah could return to work with restrictions on December 21, 2017. The diagnosis was listed as ischial tuberitis/bursitis. In a January 27, 2018, treatment note, Dr. Johnson stated that he believed Mr. Hannah may be malingering because none of the tests he performed showed any reason for his symptoms and no treatment seemed to alleviate the symptoms. On February 16, 2018, Dr. Wheeler, from Interventional Spine and Joint, stated that Mr. Hannah could return to work on March 22, 2018.

1

Prasadarao Mukkamala, M.D., performed a record review on February 27, 2018, in which he opined that there was no credible, objective medical evidence that Mr. Hannah sustained any injury on or around December 13, 2017. Dr. Mukkamala further opined that the diagnosis by MedExpress was unsupported. He stated that Mr. Hannah reported nonspecific complaints of pain and that there was no credible evidence he sustained an injury.

David Soulsby, M.D., performed a record review on February 27, 2018, in which he stated that ischial bursitis is caused by excessive or inappropriate physical exercise or prolonged sitting. The condition is rare and causes pain in the buttock and usually a soft tissue mass. Dr. Soulsby opined that there was no justification for a diagnosis of sciatica in this case. He also opined that Mr. Hannah did not suffer from ischial bursitis since there was no soft tissue mass present in the buttocks. He stated that at most, Mr. Hannah could have suffered tenderness or a contusion to the buttocks. However, Dr. Soulsby opined that the condition would not require medical intervention. He concluded that the medical records failed to support an injury related to Mr. Hannah's work that would be severe enough to warrant medical attention.

Mr. Hannah testified in a hearing before the Office of Judges on March 9, 2018, that he had no preexisting problems with either his buttocks or low back. He stated that his seat was not replaced until he was no longer able to work due to his injury. He asserted that the new seat is twice the size of the old one. Mr. Hannah testified that he reported that he needed a new seat twice and then told human resources about the problem. He stated that when he was driving, his buttock would hit the bottom of the seat, which caused pain in his buttocks and sciatic nerve.

David Redmon stated in a July 13, 2018, affidavit that he is the Center Manager for United Parcel Service in Parkersburg and personally investigated Mr. Hannah's truck seat. Mr. Redmon concluded that the seat had sufficient padding. He also stated that Mr. Hannah did not report an injury. He worked until January of 2018 and then worked a few days in March. Mr. Redmon stated that when Mr. Hannah was off of work, he saw Mr. Hannah driving his car and playing golf on numerous occasions.

Dr. Soulsby performed a record review on July 13, 2018, in which he diagnosed right sided lower back pain, sacroilitis, and buttock contusion. He opined that there was no credible evidence that an injury occurred on or around December 13, 2017. Dr. Soulsby stated that it was possible that if a person drove a truck for several weeks on an unpadded seat that he would develop a buttock contusion. However, such circumstances would cause no more than a bruise, which would resolve in a few weeks. Dr. Soulsby found no documentation of an actual buttock contusion in the record. Dr. Soulsby stated that most reports indicate a diagnosis of sacroiliac joint pain. Since a sacroiliac joint injection gave 80% relief, it was persuasive evidence that sacroilitis is the correct diagnosis for Mr. Hannah's symptoms. Dr. Soulsby therefore concluded that Mr. Hannah had no buttock injury and is instead experiencing lower back and sacroilitis pain. Dr. Soulsby found that Mr. Hannah developed lower back pain and sacroilitis unrelated to his work. Sacroilitis is commonly associated with arthritis. He determined that chiropractic treatment, physical therapy, and injections are not necessary for the compensable condition of buttock contusion.

In a July 16, 2018, supplemental report, Dr. Mukkamala noted that Mr. Hannah did not appear for his scheduled evaluation. Dr. Mukkamala opined that it was highly questionable that he sustained an injury on or around December 13, 2017. He stated that if Mr. Hannah did sustain an injury, buttock contusion would be an appropriate diagnosis. He found no evidence of ischial bursitis, sacroilitis, or myofascial pain as a result of the compensable injury. Dr. Mukkamala opined that a buttock contusion should resolve in one to two weeks. By the time Mr. Hannah started missing work in January of 2018, his compensable injury would have been healed. Dr. Mukkamala opined that Mr. Hannah required no further treatment and was not temporarily and totally disabled. He could return to full duty work.

In a July 16, 2018, affidavit, Charles Kuhl, stated that he performed surveillance of Mr. Hannah on July 12, 2018. Mr. Kuhl observed Mr. Hannah driving a truck and walking rapidly with no visible signs of pain. Mr. Kuhl stated that Mr. Hannah drove eighty-three miles, without stopping, to a casino and walked quickly inside with no signs of pain after exiting the vehicle.

In a hearing before the Office of Judges on July 17, 2018, Mr. Hannah testified that the seat in his work truck had no padding. He stated that he purchased rental property on December 7, 2017, and rents them out via his own company. Mr. Hannah testified that the rentals require no work. He stated that he worked modified duty at United Parcel Service, Inc., until December 28, 2017. He then returned to work after a sacroiliac injection and worked for two to three weeks. He was then placed on modified duty by his physician, but his employer refused modified duty as the claim was not compensable at that time. Mr. Hannah admitted that he fixed a few things in his rental properties such as sinks and toilets and also golfed while he was off of work. He stated that he missed an independent medical evaluation with Dr. Mukkamala because he was notified two days prior and already had plans for that day. Mr. Hannah testified that between December 14, 2017, and December 29, 2017, he was on modified duty for more than three day and did not work his full eight hours those days. Therefore, he did not receive his full salary.

On July 20, 2018, the Board of Review affirmed and modified an April 2, 2018, Office of Judges' Order to reflect that the claim is compensable for bursitis of the right hip. The Board noted that the current evidence was insufficient to establish the diagnosis of lumbago with sciatica. On August 17, 2018, the Office of Judges affirmed the claims administrator's decisions closing the claim for temporary total disability benefits. The Office of Judges concluded that Mr. Hannah returned to work on modified duty following his compensable injury. He worked from December 14, 2017, until December 28, 2017, the date his claim was initially denied, and his employer refused to let him work modified duty. Mr. Hannah was off of work until March 21, 2018, worked the 22nd, 23rd, 26th, and 27th, and then ceased to return. The Office of Judges concluded that Mr. Hannah returned to work after his initial injury and did not miss more than three consecutive days. However, the Office of Judges noted that the claims administrator needed to reconsider temporary total disability since the Board of Review held the claim compensable for ischial bursitis/right hip bursitis. The Office of Judges found that Mr. Hannah did eventually cease working, but that the temporary total disability benefits would not be proper at this time since the Orders at issue were issued prior to the Board of Review's Order adding bursitis to the claim.

The claims administrator denied a reopening of the claim for temporary total disability benefits on August 29, 2018. The claims administrator denied Mr. Hannah's request for a trial return to work on September 7, 2018. The order stated that the request was not necessary or required for the compensable conditions and there was no medical evidence indicating Mr. Hannah was disabled from working. The claims administrator noted that testimony from a July 17, 2018, Office of Judges hearing indicated Mr. Hannah was working another job with another employer and had engaged in activities inconsistent with his alleged disability.

A hearing was held before the Office of Judges on November 9, 2018. Mr. Hannah testified that after his injury, he did temporary alternative work until the end of December. After his claim was denied, his manager informed him that he could no longer work with restrictions. Mr. Hannah was then off of work from the end of December 2017 until March 22, 2018. He worked for a few days and then requested temporary total disability benefits from then until the present. Mr. Hannah testified that he was not currently working because his doctors restricted him from prolonged sitting. When he was working, he worked about ten hours a day. He agreed that while he was working, he made six or seven stops per hour to deliver packages and therefore was not continuously sitting all day. He stated that his doctors, Drs. Hanna and Deraimo, have allowed him to do everything put prolonged sitting. Mr. Hannah was questioned regarding his rental business. He stated that he purchased seventeen rental apartments in December of 2017. Mr. Hannah admitted that he does some of the maintenance on his apartments. He asserted that he acquired the rental apartments prior to his injury and that the money he receives is unearned income.

The Office of Judges affirmed the claims administrator's decision denying a reopening of the claim for temporary total disability benefits in its December 7, 2018, Order. The Office of Judges began by noting that in an August 17, 2018, claims administrator's decision, the claim was held compensable on a no-lost-time basis because Mr. Hannah did not initially miss three or more days for his injury. The order was appealed to the Office of Judges and the Office of Judges held that Mr. Hannah was not eligible for temporary total disability benefits for the time period in which he performed alternative work. However, the Board of Review then added ischial bursitis as a compensable condition in the claim, so the Office of Judges recommended that the claims administrator reconsider the issue of temporary total disability. That reconsideration was addressed in the August 29, 2018, claims administrator's order at issue.

The Office of Judges found that Mr. Hannah requested back pay from the end of December until March 22, 2018. The Office of Judges determined that the issue of whether Mr. Hannah should receive temporary total disability benefits for the time he was working temporary alternative work had already been ruled upon and could not be reconsidered. However, Mr. Hannah did not work from January 2, 2018, until March 22, 2018, and the issue of temporary total disability benefits for that time period had not yet been decided in this case. The Office of Judges noted that the compensable condition in the claim is ischial bursitis of the right hip. The Office of Judges found that the evidence indicates no physician took Mr. Hannah off of work from January 2, 2018, until March 22, 2018, due to the compensable condition. The reports of Drs. Soulsby and Mukkamala indicate Mr. Hannah underwent sacroiliac injections in February of 2018, which Dr. Mukkamala specifically said were not related to the compensable injury. The Office of Judges found a large gap in the medical records from January to March 22, 2018. The Office of Judges

concluded that Mr. Hannah failed to show by a preponderance of the evidence that he was taken off of work by a physician due to his compensable injury during the dates at issue.

The Office of Judges also found the employer's argument, that Mr. Hannah's job did not actually involve prolonged sitting, to be persuasive. Mr. Hannah testified at a hearing before the Office of Judges that his doctors informed him that he could work as long as there was no prolonged sitting. By his own testimony, Mr. Hannah admitted that he made no fewer than sixty stops during a nine-hour workday. These stops involved getting out of the vehicle, delivering the package, and returning to the truck. Therefore, the Office of Judges concluded that Mr. Hannah's job did not require him to sit continuously for a prolonged period of time. Therefore, Mr. Hannah should have been working on the dates at issue. The Office of Judges found that Mr. Hannah's treating physicians' treatment notes indicate an inaccurate understanding of his job duties, as they seem to indicate that his job involved prolonged sitting. The Office of Judges further found that Dr. Johnson found possible malingering. The Office of Judges also noted that there was evidence that Mr. Hannah sat for longer periods of time while engaging in leisure activities, such as driving from Parkersburg, W. Va. to Cross Lanes, W. Va. and from Parkersburg, W. Va., to Pittsburgh, P.A. The Office of Judges ultimately concluded that Mr. Hannah failed to present evidence that he was temporarily and totally disabled from January 2, 2018, to March 22, 2018, and thereafter, since the only restriction he had was no prolonged sitting, which his job did not require. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 22, 2019.

Pursuant to West Virginia Code § 23-4-1c, a claimant must submit evidence that he or she is unable to return to employment as a result of the compensable injury. West Virginia Code § 23-5-3 states that the claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. In this case, Mr. Hannah failed to submit evidence that he sustained an aggravation or progression of his compensable condition which prevented him from returning to employment. The evidence indicates that the only restriction Mr. Hannah had was no prolonged sitting. By his own testimony at a hearing before the Office of Judges, he admitted that in a nine-hour workday, he makes at least sixty stops. These stops involve him getting out of his truck and delivering a package. Therefore, Mr. Hannah's job does not require prolonged sitting and he could have worked during the dates for which he requested temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

5

**ISSUED: June 26, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING**:

Justice Margaret L. Workman